IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | |
|---|---|
| **DONALD M. BOYSAW,** )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>**UNITED STATES OF AMERICA,** )<br>)<br>Respondent. ) | **CIVIL ACTION NO. 5:09-1484** |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Petitioner's Application Under 28 U.S.C. § 2241 for Writ of *Habeas Corpus* by a Person in Federal Custody.[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be construed as a successive Motion under Section 2255 and denied (1) because Petitioner has not obtained the authorization of the Fourth Circuit Court of Appeals to file a successive Section 2255 Motion; (2) jurisdiction is in the Court where Petitioner was sentenced, the Western District of Virginia; and (3) in any event, Petitioner is not entitled to relief under Section 2241.

**FACT AND PROCEDURE**

On June 8, 2004, Petitioner was convicted by a jury in the United States District Court for the Western District of Virginia of one count of possession of a firearm by a convicted felon and one

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

count of possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). United States v. Boysaw, Criminal Action No. 7:03-0128 (W.D.Va. Nov. 15, 2004), Document Nos. 67 and 68. On November 15, 2004, the District Court sentenced Petitioner to a 188-month term of imprisonment as to each count, to run concurrently. Id. Petitioner appealed his sentence to the Fourth Circuit Court of Appeals.[2] Id., Document Nos. 69 and 70. On December 1, 2004, Petitioner filed a *pro se* Motion for Acquittal and to Vacate Sentence. Id., Document No. 79. On December 27, 2004, Petitioner filed in the Western District of Virginia his first Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Civil Action 7:04-0075, Document Nos. 1 and 2. By Memorandum Opinion and Order entered on December 27, 2004, the District Court dismissed without prejudice Petitioner's Section 2255 Motion finding that the Motion was premature because Petitioner was currently pursuing a direct appeal of his conviction. Id., Document Nos. 3 and 4. By Order entered on March 14, 2006, the District Court denied Petitioner's Motion for Acquittal and to Vacate Sentence. Criminal Action No. 7:03-0128, Document No. 103. On September 6, 2006, the Fourth Circuit affirmed Petitioner's conviction, vacated his sentence, and remanded for resentencing in light of Booker. United States v. Boysaw, 198 Fed.Appx. 321 (4th Cir. 2006). Petitioner filed a petition for certiorari in the United States Supreme Court,[3] which was denied on October 29, 2007. Boysaw v. United States, 552 U.S. 1004, 128 S.Ct. 521, 169 L.Ed.2d 363 (2007).

---

[2] Petitioner presented the following arguments on appeal: (1) the district court erred in denying his motion for judgment of acquittal; (2) Petitioner's trial counsel was ineffective; (3) the prosecutor improperly persuaded trial counsel into accepting stipulation that were inaccurate; (4) the district court committed judicial misconduct by allowing testimony from an incompetent witness; (5) the district court erred by designating Petitioner as an armed career criminal; (5) the district court erred by enhancing his sentence with judicially found facts in violation of *Booker*; and (6) the district court committed *Booker* error when it sentenced him under the mandatory sentencing guidelines.

[3] Petitioner filed his petition for writ of certiorari on September 25, 2007.

The District Court resentenced Petitioner on November 15, 2006, to an 180-month term of imprisonment as to each count, to run concurrently. Boysaw, Criminal Action No. 7:03-0128, Document Nos. 112 and 115. Petitioner appealed his amended sentence to the Fourth Circuit. Id., Document No. 114. On February 22, 2008, the Fourth Circuit affirmed Petitioner's amended sentence. United States v. Boysaw, 266 Fed.Appx. 284 (4th Cir. 2008). On April 14, 2008, Petitioner filed in the Western District of Virginia his second Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Boysaw, Criminal Action No. 7:03-0128, Document Nos. 156. On May 23, 2008, Petitioner filed a petition for certiorari in the United States Supreme Court. On June 3, 2008, the government filed a Motion to Stay pending the termination of Petitioner's petition for a writ of certiorari in the United States Supreme Court. Id., Document No. 165. On June 4, 2008, the District Court dismissed without prejudice Petitioner's Section 2255 Motion. Id., Document No. 166. On June 23, 2008, the United States Supreme Court denied Petitioner's petition for certiorari. Boysaw v. United States, ___ U.S. ___, 128 S.Ct. 2981, 171 L.Ed.2d 903 (2008).

On July 28, 2008, Petitioner filed his third Section 2255 Motion in the Western District of Virginia. Boysaw, Criminal Action No. 7:03-0128, Document No. 174. Petitioner asserted the following grounds of error: (1) Ineffective assistance of trial counsel; (2) Ineffective assistance of sentencing counsel; (3) Petitioner was not an Armed Career Criminal for sentencing purposes; and (4) Petitioner was actually innocent. (Id.) On October 31, 2008, the government filed a Motion to Dismiss. Id., Document No. 182. By Memorandum Opinion and Order entered on June 23, 2009, the District Court granted the Motion to Dismiss and denied Petitioner's Section 2255 Petition. Id., Document Nos. 195 and 196. On June 8, 2010, Petitioner filed a Motion for Reconsideration of the Order denying his Section 2255 Motion. Id., Document No. 197. By Memorandum Opinion entered

3

on June 15, 2010, the District Court dismissed Petitioner's Motion for Reconsideration and denied a certificate of appealability. Id., Document No. 198.

On June 15, 2010, Petitioner filed his fourth Section 2255 Motion with the Western District of Virginia. Id., Document No. 200. Petitioner asserted the his sentence was improperly enhanced. Id. By Memorandum Opinion and Order entered on June 28, 2010, the District Court dismissed Petitioner's Section 2255 Motion as successive. Id., Document No. 202 and 205.

Also on June 28, 2010, Petitioner filed his fifth Section 2255 Motion with the Western District of Virginia. Id., Document No. 207. Petitioner again asserted that his sentence was improperly enhanced. By Order entered that day, the District Court dismissed Petitioner's Section 2255 Motion as successive. Id., Document No. 208.

On December 16, 2009, Petitioner filed the instant Application alleging that the sentencing court improperly enhanced his sentence. (Civil Action 5:09-01484, Document No. 1.) Specially, Petitioner challenges his armed career criminal designation on the ground that the sentencing court relied upon information not approved by Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). (Id., p. 5.) Petitioner argues that the sentencing court failed to follow Shepard in determining that his prior conviction qualified as serious drug offense for purposes of 18 U.S.C. § 924(e). (Id., pp. 5 - 6.) Petitioner states that "errors were made in the district court's determination of ACCA's applicability in light of Shepard." (Id., p. 8.) Petitioner explains that "without the enhancement, Boysaw's offense level would have been 24 instead of 33, and for criminal history category IV, the sentencing range would be 77 to 96 months, roughly half the mandatory sentence imposed under the ACCA." (Id.) Petitioner asserts that Section 2255 is inadequate or ineffective to test the legality of his detention because the Fourth Circuit and the Western District of Virginia declined to address his argument based upon Shepard. (Id., p. 5.) Therefore, Petitioner requests that

"this Court to reverse the determination that he is an armed career criminal and to vacate and remand the matter for appropriate sentence without ACCA enhancement." (Id., p. 10.)

In support, Petitioner attaches the following Exhibits: (1) A copy of United States v. Boysaw, 266 Fed.Appx. 284 (4th Cir. 2008) (Document No. 1-1, pp. 2 - 5.); (2) A copy of the Memorandum Opinion denying Petitioner's Section 2255 Motion (Id., pp. 6 - 8.); (3) A copy of Petitioner's Virginia NCIC report showing the number of felony convictions (Id., p. 9.); (4) A copy of a "Facsimile Transmission" dated April 14, 2004, from the United States Attorney's Office from the Western District of Virginia to Attorney John Dalton regarding Petitioner's plea agreement (Id., p. 10.); (5) A copy of pages from Petitioner's Presentence Report regarding his "Offense Level Computations" and criminal history (Id., pp. 11 - 12); and (6) A copy of pertinent pages from the transcripts of Petitioner's resentencing hearing (Id., pp. 13 - 16.)

On December 31, 2009, Petitioner filed a Motion to Amend his Section 2241 Petition.[4] (Id., Document No. 4.) Petitioner states that he wishes to amend his Petition based upon United States v. Maroquin-Bran, No. 08-4464 (4th Cir. Nov. 9, 2009), which is "instructive as to his original claim of actual innocence for Armed Career Criminal Act enhancement."[5] (Id., p. 1.) Petitioner contends that Maroquin-Bran held that "a prior conviction under a statute that encompasses acts other than 'drug

---

[4] By separate Order entered this day, the undersigned has granted Petitioner's Motion to Amend.

[5] In *Shepard v. United States*, the Supreme Court held that a sentencing court cannot look beyond the charging document, the terms of a plea agreement, the plea colloquy, the statutory definition, or any explicit finding of the trial judge to which the defendant assented to determine a disputed fact about a prior conviction. *See Shepard*, 544 U.S. at 26, 125 S.Ct. at 1263. In *United States v. Maroquin-Bran*, 587 F.3d 214, 218 (4th Cir. 2009), the Fourth Circuit held that the district court could only consider "Shepard-approved document" for purposes of determining whether the defendant's prior conviction constituted a "drug trafficking offense" that qualified him for a guidelines enhancement under U.S.S.G. § 2L1.2(b)(1)(A).

trafficking' cannot support the enhancement in absence of a finding that defendant's crime actually involved trafficking." (Id.) Petitioner continues to argue that his prior conviction for a drug offense in violation of Virginia law does not qualify as a prior conviction for a serious drug offense for purposes of 18 U.S.C. § 924(e). (Id., p. 2.) Petitioner, therefore, requests that "this Court vacate ACCA's application to his sentence as being inconsistent with Shepard and Maroquin-Bran." (Id., p. 3.) In support, Petitioner attaches the following Exhibits: (1) A copy of Va. Code Ann. § 18.2-248 (Id., pp. 4 - 5.); and (2) A copy of an article about "Sentencing – Federal Guidelines – Immigration Offenses – Prior Conviction of Drug Trafficking Offenses" (Id., p. 6.)

On August 4, 2010, Petitioner filed "Evidence in Support of § 2241 Petition." (Id., Document No. 6.) Petitioner attaches the following Exhibits: (1) A copy of pertinent pages from the transcripts of Petitioner's resentencing hearing (Id., pp. 3, 5 - 6, 13 - 16, 21 - 22.); (2) A copy of Boysaw v. United States, 266 Fed.Appx. (4th Cir. 2008) (Id., p. 4.); (3) A copy of one page from the Western District of Virginia's Memorandum Opinion denying Petitioner's Section 2255 Motion (Id., p. 7.); (4) Copy of United States v. Boysaw, 266 Fed.Appx. 284 (4th Cir. 2008) (Id., pp. 8 - 9.); (5) A copy of a letter addressed to the Clerk of the Western District of Virginia stating that "his direct appeal brief was being filed against his will" (Id., p. 10.); (6) A copy of Va. Code Ann. § 18.2 (Id., p. 11.); (7) A copy of Va. Code Ann. § 18.2-248 (Id., p. 12.); (8) A copy of Petitioner's Affidavit dated May 30, 2010, as filed in Criminal Action No. 7:03-0128 (Id., p. 17.); (9) A copy of Petitioner's Virginia NCIC report showing the number of felony convictions (Id., p. 18.); (10) A copy of a letter dated July 2, 2008, from Attorney Arthur Strickland to Petitioner (Id., p. 19.); (11) A copy of Petitioner's criminal history as contained in the Presentence Report (Id., pp. 20 and 24.); and (12) A copy of a "Facsimile Transmission" dated April 14, 2004, from the United States Attorney's Office in the Western District of Virginia to Attorney John Dalton. (Id., p. 25.).

## ANALYSIS

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Application. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va.)(Chief Judge Haden), aff'd, 291 F.3d 257 (4th Cir. 2001), cert. denied, 537 U.S. 938, 123 S.Ct. 46, 154 L.Ed.2d 242 (2002). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333-34. The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Thus, allegations that a federal conviction or sentence is invalid are appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence, e.g., time credit calculations, are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452

(5th Cir. 2000).

The undersigned finds that Petitioner's claims are ones properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his conviction and sentence imposed by the Western District of Virginia. Petitioner alleges that his sentence was improperly enhanced in violation of <u>Shepard v. United States</u>, 544 U.S. 13, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005). Specifically, Petitioner appears to argue that he was sentenced as a career offender as a result of the sentencing court utilizing invalid material. Petitioner is therefore challenging the validity of his sentence, not the manner in which it is being executed. In view of the nature of Petitioner's claims, the Application in this case must be considered as a Motion to Vacate, Set Aside or Correct his sentence under Section 2255.

It is quite clear from the language in the first paragraph of 28 U.S.C. § 2255 that Motions thereunder must be filed in the sentencing Court. The first paragraph of 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

(Emphasis added.) It is also clear that a second or successive proceeding under Section 2255 may not be initiated without the certification/authorization of the appropriate Court of Appeals. This District Court therefore lacks jurisdiction to consider Petitioner's Section 2255 Motion because Petitioner was not sentenced in this District. Rather, jurisdiction is properly in the Western District of Virginia where Petitioner was sentenced. While a Section 2255 Motion filed in a Court other than the sentencing Court should be transferred to the Court which sentenced the petitioner, Petitioner's

Application in this case should be dismissed because Petitioner has proceeded under Section 2255 in the sentencing Court once before and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals.[6]

Furthermore, Petitioner has not demonstrated and cannot demonstrate that Section 2255 is inadequate or ineffective such that he can resort to Section 2241. Petitioner contends that Section 2255 is inadequate or ineffective because he has "never obtained a judicial determination of the legality of his sentence pursuant to Shepard." (Document No. 1, p. 5.) On March 7, 2005, the United States Supreme Court issued its decision in Shepard. Thus, Petitioner clearly had the opportunity and did challenge his sentence based upon Shepard in his appeal of his amended sentence and in his third Section 2255 Motion.[7] In Petitioner's appeal of his amended sentence, the Fourth Circuit rejected

---

[6] Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Motion actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." *In re Goddard*, 170 F.3d 435, 436 (4th Cir. 1999); *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner has failed to allege or demonstrate that he has obtained the necessary authorization from the Fourth Circuit Court of Appeals for his successive motion.

[7] The undersigned notes that Petitioner's first two Section 2255 Motions were dismissed as premature by the Western District of Virginia. Petitioner's third Section 2255 Motion was addressed on the merits.

Petitioner's argument based upon Shepard.[8] Boysaw, 266 Fed.Appx. at 285. Petitioner's argument based upon Shepard was also unsuccessful in his Section 2255 proceedings before the Western District of Virginia. Boysaw, Criminal Action 7:03-0128, Document No. 174, pp. 20 - 25. Petitioner, therefore, does not allege an intervening change in law that establishes his actual innocence. Rather, Petitioner contends that Section 2255 is inadequate and ineffective because his argument based upon Shepard was ultimately unsuccessful. As stated above, Section 2255 is not rendered inadequate or ineffective merely because an individual is unable to obtain relief under that provision. Accordingly, the undersigned recommends that Petitioner's Application be dismissed.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document No. 1.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have

---

[8] The Fourth Circuit held as follows: "In this appeal, Boysaw challenges his armed career criminal designation on the ground that the court relied on information not approved by Taylor and Shepard. . . . In Boysaw I, we held that the district court properly designated Boysaw as an armed career criminal. Thus, we find that Boysaw's claim is barred by the law-of-the case doctrine and that none of the exceptions applies." *Boysaw*, 266 Fed.Appx. at 285.

seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

Date: August 19, 2010.

R. Clarke VanDervort
United States Magistrate Judge