**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

DONALD M. BOYSAW,

          Petitioner,

v.                                                                       CIVIL ACTION NO. 5:09-cv-01484

UNITED STATES OF AMERICA,

          Respondent.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Petitioner's Memorandum of Law in Support of Motion to Vacate an Illegal Sentence Pursuant to 28 U.S.C. § 2241 [Docket 1], filed December 16, 2009. By Standing Order [Docket 3] entered on December 16, 2009, this action was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition ("PF&R"), pursuant to 28 U.S.C. § 636. The Magistrate Judge has submitted findings of fact and has recommended that the Court dismiss Petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 for lack of jurisdiction, and remove this matter from the Court's docket.

Rule 4 of the Rules Governing Habeas Cases "requires the district courts to examine each habeas petition, and 'if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition' without requesting an answer from the respondent." *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 656 n.11 (4th Cir. 2006) (citing 28 U.S.C. foll. § 2254)(applicable in § 2241 cases by virtue of Rule 1(b)). This

Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir.1982). When reviewing portions of the PF&R de novo, the Court will consider the fact that Plaintiff is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir.1978).

I.

Petitioner was convicted by a jury in the United States District Court for the Western District of Virginia of being a felon in possession of a firearm and ammunition on June 8, 2004. The district court sentenced him as an armed career criminal to a term of 188 months of imprisonment. He appealed his sentence to the Court of Appeals for the Fourth Circuit on the grounds that the consideration of the predicate convictions for his armed career criminal classification violated *United States v. Booker*, 543 U.S. 220 (2005). The Court of Appeals upheld the district court's consideration of his prior felonies for the armed career criminal enhancement, but concluded that the district court had erred in sentencing Petitioner under a mandatory sentencing scheme and

remanded for re-sentencing in light of *Booker*. *United States v. Boysaw*, 266 Fed.Appx. 284, 285 (4th Cir. 2008).

The district court re-sentenced Petitioner on November 15, 2006, over his objections to the armed career criminal designation, to 180 months of imprisonment. Petitioner appealed this amended sentence to the Fourth Circuit, challenging his armed career criminal designation on the ground that the court relied on information prohibited by *Taylor v. United States*, 495 U.S. 575 (1990), and *Shepard v. United States*, 544 U.S. 13 (2005). Citing its prior decision that Petitioner had been properly designated as an armed career criminal, the Fourth Circuit found that his claim was barred by the law-of-the-case doctrine and that no exception applied. *Boysaw*, 266 Fed.Appx. at 285.

Petitioner filed a Section 2255 motion in the Western District of Virginia on July 28, 2008, claiming ineffective assistance of counsel, improper designation as an armed career criminal, and actual innocence. This motion was denied by the district court on June 23, 2009. He filed a motion for reconsideration of this denial, which was denied, and two successive § 2255 motions, which were dismissed. Petitioner, who is now being held in this district, brings the instant petition, characterized as one for post-conviction relief under § 2241, yet asserting the same claims he has asserted in his previous § 2255 motion and appeals.[1]

II.

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 are separate and distinct devices for securing

---

[1] A more complete background of this case is set forth in the PF&R.

3

post-conviction relief. A Section 2241 petition attacks the manner in which a sentence is executed. 28 U.S.C. § 2241(a). A federal inmate seeking to collaterally attack the imposition or validity of his federal judgment and sentence is required to bring a motion to vacate the sentence pursuant to 28 U.S.C. § 2255(a).[2] *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). "In contrast to a [Section] 2255 habeas petition, which is filed with the original sentencing court, a [Section] 2241 habeas petition can only be filed in the district in which a prisoner is confined." *United States v. Poole*, 531 F.3d 263, 264 (4th Cir. 2008); 28 U.S.C. § 2255(a). While a federal prisoner may not seek collateral relief from a conviction or sentence by way of a Section 2241 petition generally, there is an exception under the oft-referenced "savings clause" in Section 2255. The provision provides that a prisoner may seek relief under Section 2241 if the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The "savings clause" is not triggered "merely . . . because an individual is procedurally barred from filing a Section 2255 motion[.]" *Vial*, 115 F.3d at 1194.

Additionally, Section 2255 "is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). The

---

[2] Section 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255 (a).

Fourth Circuit Court of Appeals has recognized that the savings clause applies in only very limited circumstances. Specifically, Section 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Poole*, 531 F.3d at 269 (quoting *Jones*, 226 F.3d at 333-34.); *Darden v. Stephens*, No.10-7496, 2011 WL 1625094, at *1 (4th Cir. Apr. 29, 2011). The petitioner bears the burden of demonstrating that the Section 2255 remedy is inadequate or ineffective. *Hood v. United States*, 13 F.App'x 72 (4th Cir. 2001) (unpublished decision); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir.2000).

III.

In this case, Petitioner filed at least four Section 2255 motions challenging his status as an armed career criminal, one of which was dismissed on the merits. In his Petition he asserts that § 2255 is not an inadequate remedy, but he does not qualify for one of the exceptions set forth above. The magistrate judge found that this Court lacks jurisdiction to hear Petitioner's claims because they are properly considered under § 2255 by the sentencing court. (PF&R 8.) He further found that the Petition should be dismissed as opposed to transferred to the sentencing court inasmuch as a successive § 2255 motion may only be initiated with the certification of the appropriate Court of

Appeals, which Petitioner has not procured. (PF&R 8.) In his objections [Docket 11] Petitioner contends that the district court has not had a "meaningful opportunity to review [his] claims . . .." (Objs. 2.) He asserts that he has two different judgments relating to his sentence and he is entitled to a collateral attack on both judgments. (Objs. 3.) He contends that the opinion of the Supreme Court of Appeals for the United States in *Shepard v. United States*, 544 U.S. 13 (2005), was decided after he sought direct review of his sentence and amounted to a change in law relating to his sentencing enhancement. (Objs. 3, Pet. 4.) He finally asserts that his claims are properly considered under § 2241 "because the § 2255 would not address the issues of litigation employed by the Court, or the retroactive ruling by the Supreme Court that was applicable to Petitioner's cases and issues." (Objs. 3.)

Inasmuch as Petitioner's Section 2241 petition asserts only claims relating to the validity of his sentence, his claims are properly brought under § 2255. He does not qualify for any of the exceptions set forth above. Rather, he is attempting to substitute a Section 2255 motion with a claim made under § 2241. Although he asserts that he has not received review of his sentence in light of *Shepard*, the Court points to his § 2255 motion that was decided on the merits by the district court in the Western District of Virginia on June 23, 2009, and the two unpublished Fourth Circuit opinions affirming his classification as an armed career criminal. *United States v. Boysaw*, 198 Fed.Appx. 321 (4th Cir. 2006) ("*Boysaw I*"); *United States v. Boysaw*, 266 Fed.Appx. 284 (4th Cir. 2008) ("*Boysaw II*").

Relevant to the facts of this case, our Court of Appeals noted in *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir.2010),

> [U]nder the *Jones* rule a federal prisoner is entitled to pursue a § 2241 motion only when he had no opportunity to utilize a § 2255 motion to take advantage of a change

> in the applicable law. If, conversely, the prisoner had an unobstructed procedural shot at filing a § 2255 motion to take advantage of such a change, a § 2241 motion is unavailable to him, and any otherwise unauthorized habeas motion must be dismissed for lack of jurisdiction.

*Id.* at 807. Accordingly, a remedy under § 2241 is unavailable to Petitioner and his claims may be dismissed.

For the reasons stated above, the Court **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge as contained in the Proposed Findings and Recommendation [Docket 8]. The Court **ORDERS** that Petitioner's Petition For Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket 1] be **DISMISSED** and his Letter Motion Under Rule 28(j) New Supreme Court Ruling to Support § 2241 [Docket 12] be **DENIED**. The Court further **ORDERS** that this matter be **REMOVED** from the Court's docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

    ENTER:    July 5, 2011

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA